IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY D. PROFFITT,

        Plaintiff,                    No. CIV S-09-0610 GGH P

   vs.

PEOPLE OF SHASTA COUNTY, et al.,

        Defendants.                    <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se who purportedly seeks relief pursuant to 42 U.S.C. § 1983.  In a filing on March 13, 2009, plaintiff consented to the jurisdiction of the undersigned.  See Docket # 4.  By Order, filed on August 4, 2009, the court noted that plaintiff, in an earlier Order, filed on March 17, 2009, had been granted an opportunity to file a complaint in compliance with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure and the Local Rules.  Plaintiff failed to file any document setting forth colorable claims but the court nevertheless granted plaintiff a further opportunity and permitted him to file an amended complaint.  See Order, filed on August 4, 2009.  Plaintiff has failed to adequately remedy deficiencies in his amended complaint.

      As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

1  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

2  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

3  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

4  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

5         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11 Cir. 1989); Franklin, 745 F.2d at 1227.

12        A complaint must contain more than a "formulaic recitation of the elements of a

13 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

14 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

15 "The pleading must contain something more...than...a statement of facts that merely creates a

16 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

17 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

18 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

19 v. Iqbal, No. 07-1015, 2009 WL 1361536 at *12 (May 18, 2009) (quoting Twombly, 550 U.S. at

20 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

21 that allows the court to draw the reasonable inference that the defendant is liable for the

22 misconduct alleged."  Id.

23        In reviewing a complaint under this standard, the court must accept as true the

24 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

25 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

26 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

1843 (1969).

Plaintiff continues to violate Rule 8 of the Federal Rules of Civil Procedure in a rambling, incoherent document that he tasks the court with the burden of trying to interpret. Plaintiff begins by stating that he asked a juvenile court judge if it mattered which court got to the truth of the (unexplained) case, which is apparently both a "criminal and juvenile matter." Amended Complaint (AC), p. 1.  Plaintiff cross-references other cases as though that is sufficient to provide the underlying basis of this case.  He appears to challenge, but not in any lucid manner, forensic evidence related to a criminal matter, which is wholly inappropriate in a civil rights action.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)." Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  Referencing an "opening brief" plaintiff attaches to his amended complaint, plaintiff claims to have been sentenced in Shasta County to a 24-year state prison term for molestation and sexual lewd acts, which is evidently the criminal matter that plaintiff fails to clarify within the body of the amended complaint itself.  AC, p. 17.[1]

The court will set forth a sentence to illustrate the difficulty of following plaintiff's allegations: "[t]his amended complaint also true when Redding Police Officer refused polygraph and counsel us [sic] his 15 year old daughter officer name Scott Mayberry."  AC, p. 3. Plaintiff accuses a litany of authorities of knowing about allegations of "molestation and sexual lewd act [sic]" regarding other foster parents, appears to be saying there is insufficient evidence against him to support his criminal conviction and that he is innocent and "the girls lied" [not necessarily in that order].  AC, pp. 4-6.  Plaintiff claims that a Judge William Gallegher stated "when US District Court releases Jerry Proffitt he will get his kids."  AC, p. 8.  Plaintiff believes the juvenile court found him (plaintiff) innocent, although juvenile court is quite obviously not

---

[1] Plaintiff's amended complaint including his attached "opening brief" is 74 pages in length.

1   the venue in which a criminal matter proceeded against him.  Id.  Plaintiff asks for a federal

2   grand jury to be convened to answer plaintiff's allegations against numerous authorities.  AC, p.

3   10.  Plaintiff references the "reasonable doubt" standard.  Id., at 11.

4          As plaintiff had been previously informed, Fed. R. Civ. P. 8 sets forth general

5   rules of pleading in the Federal Courts.  Complaints are required to set a forth (1) the grounds

6   upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing

7   entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient

8   allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block,

9   932 F.2d 795, 798 (9th Cir. 1991).  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)

10  (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*,

11  with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with

12  rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8;

13  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further,  "[t]he

14  propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

15  complaint is wholly without merit," McHenry, 84 F.3d at 1179.

16         Once again, plaintiff's allegations meet none of the Rule 8 requirements.  There is

17  no coherent allegation of the basis for this court's jurisdiction.  The complaint does not contain

18  sufficient allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47,

19  78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645

20  (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

21  requirement of  Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.

22  1990).

23         Plaintiff may be seeking to proceed in this civil rights action against multiple

24  officials and entities whom he believes are responsible for his current incarceration.  However,

25  any such action appears on the face of it to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S.

26  Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.

4

1    Claiming that state and county officials violated his constitutional rights, he sought damages for

2    improprieties in the investigation leading to his arrest, for the destruction of evidence, and for

3    conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on

4    voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

5    relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's

6    dismissal of the complaint and held that:

7                    in order to recover damages for allegedly unconstitutional
                     conviction or imprisonment, or for other harm caused by actions
8                    whose unlawfulness would render a conviction or sentence invalid,
                     a § 1983 plaintiff must prove that the conviction or sentence has
9                    been reversed on direct appeal, expunged by executive order,
                     declared invalid by a state tribunal authorized to make such
10                   determination, or called into question by a federal court's issuance
                     of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
11                   bearing that relationship to a conviction or sentence that has <u>not</u>
                     been so invalidated is not cognizable under 1983.

12

13   <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

14   damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

15   conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

16           Plaintiff has failed altogether to set forth coherent allegations and he has had

17   ample opportunity to do so.  "Liberality in granting a plaintiff leave to amend 'is subject to the

18   qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad

19   faith, and is not futile.'"  <u>Thornton v. McClatchy Newspapers, Inc.</u>, 261 F.3d 789, 799 (9th Cir.

20   2001), quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case

21   law, district courts are only required to grant leave to amend if a complaint can possibly be saved.

22   Courts are not required to grant leave to amend if a complaint lacks merit entirely."  <u>Lopez v.</u>

23   <u>Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  <u>See also</u>, <u>Smith v. Pacific Properties and</u>

24   <u>Development Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004), citing <u>Doe v. United States</u>, 58 F.3d

25   494, 497 (9th Cir.1995) ("a district court should grant leave to amend even if no request to

26   amend the pleading was made, unless it determines that the pleading could not be cured by the

1  allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal

2  for failure to state a claim, including whether to make the dismissal with or without leave to

3  amend." Lopez v. Smith, 203 F.3d at 1124.   "The district court's discretion to deny leave to

4  amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv.

5  GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite

6  Corp., 335 F.3d 843, 845 (9th Cir. 2003).

7  Plaintiff has filed a litany of frivolous or inapposite motions in this civil rights

8  action, including, inter alia, motions for a new trial, a motion for modification of his sentence, a

9  motion requesting release.  These motions will be denied.

10  Accordingly, IT IS HEREBY ORDERED that:

11  1.  The frivolous and/or inapposite motions, filed at docket nos. 11, 16, 17, 18, 19,

12  20, 22, 23, 27, and 29 are denied; and

13  2.  This case is dismissed for plaintiff's failure to state a claim upon which relief

14  can be granted.

15  DATED: January 20, 2010                    /s/ Gregory G. Hollows

16                                                     UNITED STATES MAGISTRATE JUDGE

17

18  GGH:009
    prof0610.ord

19

20

21

22

23

24

25

26

6